UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19CR00628 HEA |
| | ) |
| ARONDO HARRIS, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S POST-HEARING BRIEF**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri and Tracy Lynn Berry, Assistant United States Attorney for said district, and requests that this Court deny Defendant's motion for a new trial on the grounds of insufficiency of the evidence of an interstate commerce nexus and ineffective assistance of counsel.

Sufficiency of the Evidence

As his first assertion in support of his motion for a new trial, he submits that the evidence adduced at trial was insufficient to support the interstate commerce element because the Government "failed to prove an actual effect on interstate commerce." DCD 155, 2. At the outset, the Government notes that Defendant's legal premise is flawed because "[t]he Commerce Clause authorizes Congress to regulate: (i) 'the channels of interstate commerce,' (ii) 'the instrumentalities of interstate commerce,' or (iii) 'activities that substantially affect interstate commerce.'" United States v. Koech, 992 F.3d 686, 691 (8th Cir. 2021) (quoting Gonzales v. Raich, 545 U.S. 1, 16-17). "Consequently, 'Congress may regulate purely local activities that are part of

1

an economic class of activities that have a substantial effect on interstate commerce. If a federal criminal statute prohibits a class of activities that bears a substantial relation to commerce, the de minimis character of individual instances arising under that statute is of no consequence.'" Id. In the case at bar, and contrary to Defendant's position, his recording of counterfeit quit claim deeds with the City of St. Louis Recorder of Deeds Office involved channels of interstate commerce, instrumentalities of interstate commerce, and activities that substantially affect interstate commerce.

While this Court possesses broad discretion under Federal Rule of Criminal Procedure 33(a) in granting a motion for a new trial, it must exercise that authority sparingly and with caution. United States v. Dowty, 964 F.3d 703, 708 (8th Cir. 2020). "'A jury verdict will not lightly overturned,' and [the Eighth Circuit Court of Appeals] 'will affirm if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bradshaw, 955 F.3d 699, 704-705 (8th Cir. 2020)). Motions based upon the sufficiency of the evidence like Defendant's pleading are generally disfavored. Id. "A district court may grant a new trial for insufficiency of the evidence only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." Id. (quoting United States v. Delacruz, 865 F.3d 1000, 1006 (8th Cir. 2017)).

Such a situation has not arisen in the case at bar because the Government produced evidence of "[a]cts and transactions which are economic in nature and affect[ed] the flow of money in the stream of commerce." United States v. Koech, 992 F.3d at 691. Even if the flow was slight, "any degree, however minimal, 'affect[s]' interstate commerce." Id at 692. The testimony of Kelly Ley, Sherice White, Brenda Johnson, and Larry Jackson as well as other evidence presented during

the course of trial was integral in proving to the jury that Defendant's conduct affected interstate commerce. The Government also notes that after hearing the testimony and viewing the evidence in the light most favorable to the United States and drawing all reasonable inferences in favor of the verdict, this Court ruled on two occasions that the Government had presented sufficient evidence wherein a reasonable jury could find Defendant guilty beyond a reasonable doubt. United States v. Lewis, 976 F.3d 787, 793-794 (8th Cir. 2020). Under these circumstances, the Government submits that Defendant has not met his burden of proving that a miscarriage of justice occurred.

Ineffective Assistance of Counsel Claim

As his second bases in seeking a new trial, Defendant asserts that his trial counsel was ineffective in failing to request a continuance and proceeding to trial without "T.J. Carruthers."[1] DCD 92, 1. However, to succeed on an ineffective assistance of counsel claim, "a party 'must show: (1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense.'" United States v. Ngombwa, 893 F.3d 546, 552 (8th Cir. 2018) (quoting Long v. United States, 875 F.3d 411, 413 (8th Cir. 2017)).

Defendant's inability to make the requisite showing on the first prong is readily apparent based upon the testimony adduced during the evidentiary hearing. First, Defendant provided the name of the "essential" witness as being "T.J." Carruthers. This is the same name provided when both of his witnesses testified on his behalf. However, when Mr. Carruthers was brought before the Court, in person and through a videotaped interview with the Defendant, the witness identified

---

[1] Motion Hearing TR. 6-7. Trial counsel testified that he tried to locate T.J. Carruthers and that he believed the witness would testify that he produced all the paperwork and instructed Defendant to record it.

3

himself as being "J.T." Carruthers. Trial counsel's failure to locate "T.J." cannot be deemed as constitutionally deficient when Defendant erred in providing the correct name of the witness.

Secondly, it is unlikely that the testimony of J.T. Carruthers would have benefitted Defendant in that the Government's theory of the case was that Defendant turned a blind eye to the deficiencies in the deeds he obtained from his prospective witness. In fact, the Government conceded that there may have been someone else in the fraud when it argued during closing:

> "It doesn't mean that there is nobody else that could have done something wrong, but what it means is he has to be responsible for himself, and he is the one that told you that he looked at those documents before he filed them with the Recorder of Deeds and knew that his signature had been forged, but he turned a blind eye to the fact that if my signature is forged, if this guy that I don't have any history with, that I don't have any receipts with, that I don't really know works for the City, if he is going to forge my signature, then maybe he forged these other people's signature because wait a second, I'm paying TJ in cash. I am not getting a receipt from the City of St. Louis. I am not getting a receipt from the owners of the property. All this is in the name of the true owners, but he turned a blind eye to that because at the end of the day, it was about his bottom line, cutting out the legitimate expenses that he would have paid had he done it the right way."

Trial TR. Vol. 3, 55. Despite trial counsel's best efforts, the jury believed that Defendant "believed that there was a high probability that the quit claim deeds he presented to the City of St. Louis Recorder of Deeds contained fraudulent entries and that he took deliberate actions to avoid learning of that fact." Trial TR. Vol. 3, 31. The testimony of "T.J." would have had no impact upon the jury's determination because the focus of the case was on Defendant's prior history in flipping properties through quit claim deeds and payments directly to the owners of the properties.

4

In light of the totality of the evidence and all the circumstances of the case, the Government submits that, at the time trial counsel proceeded to trial, his conduct was well within the wide range of professional competent assistance. United States v. Frederick, 775 F.Supp.2d 1146, 1148 (D.S.D. 2011). In fact, more than 15 months elapsed between the issuance of the first trial order and the first day of trial. DCD 34; DCD 77. Despite utilizing information provided by Defendant, his trial counsel was unable to locate the witness and Defendant was aware that the witness had not been located prior to the commencement of the trial. Seeking a continuance beyond those that had already been granted to find a witness whose name was different than that provided by Defendant and his two friends was not constitutionally compelled. United States v. Ngombwa, 893 F.3d at 552.

While Defendant's failure to prevail in the first prong eliminates the need to consider the second prong, the Government notes that he cannot meet his burden under that prong either. Thus, the Defendant has been unable to show that he was prejudiced by the representation. As this Court is aware, when the "essential witness" was subpoenaed by current counsel to testify during the evidentiary hearing, he invoked his constitutional right against self-incrimination. Because the subject matter of his testimony was to be the same during the trial as during the evidentiary hearing, there is no doubt that the witness would have invoked his right to remain silent at trial. The rules of evidence would have prevented playing the recording of the interview conducted by Defendant as well as any hearsay testimony of Defendant's private investigator. Thus, Defendant would not have been able to introduce the testimony he deemed essential for the trial even if his trial counsel had located and subpoenaed his witness prior to the start of the trial.

Conclusion

Based upon the aforementioned legal authority and analysis, Defendant has not demonstrated an insufficiency of the evidence or that Mr. Sims rendered ineffective assistance of counsel.

Accordingly, the United States respectfully requests that this Honorable Court deny Defendant's motion for a new trial and, in the interests of the individual victims, proceed to sentencing with all due speed.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

s/ Tracy Lynn Berry
Tracy Lynn Berry, TN 014753
Assistant United States Attorney
111 South Tenth Street, Suite 20.333
St. Louis, Missouri 63144
(314) 539-2550

CERTIFICATE OF SERVICE

Copy of the foregoing was e-mailed this 30th day of November, 2021, to: Adam Fein, Esq.

s/ Tracy Lynn Berry
ASSISTANT UNITED STATES ATTORNEY