UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19CR00628 HEA |
| | ) ) ) |
| ARONDO HARRIS, | ) ) |
| Defendant. | ) |

**RESPONSE BY THE UNITED STATES TO
DEFENDANT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Tracy Lynn Berry, Assistant United States Attorney for said District, and respectfully requests that this Honorable Court deny Defendant's objections to the presentence investigation report and his request for a downward variance from the applicable guideline range of 41 to 51 months incarceration.

After considering all the § 3553(a) factors, the Government wholly rejects Defendant's assertion that a sentence of probation with a special condition of community service would be sufficient to address any risk of recidivism, deter others from engaging in similar conduct, and account for all Defendant's history and characteristics. In light of all the § 3553(a) factors, the Government submits that a sentence within the guideline range of 41 to 51 months incarceration is sufficient, but not greater than necessary, to comply with the statutory sentencing objectives.

In large part, the Government submits that the nature and circumstances of the offense and the Defendant's history and characteristics support denial of Defendant's request for a downward variance. However, the need for the sentence to reflect the seriousness of the offense, to provide

just punishment for the offense, to protect the public from further crimes of the defendant, and to afford adequate deterrence to Defendant and others provides further support for a with-in the guideline sentence.

<u>The Nature and Circumstances of the Offense</u>

The nature and circumstances of the offenses were captured completely through the testimony of Defendant's victims. Two of the victims lost their family homes to Defendant's fraudulent conduct. A third victim was rendered homeless and her trailer and renovation items were stolen. The final victim, Kelly Ley, was placed in fear of losing her livelihood through the fraudulent use of her notary seal.

Despite the conviction and testimony about the havoc his conduct has wrought, Defendant continues to evade any responsibility for how he came to be the owner of three homes. Instead, he presents false testimony in support of his motion for a new trial and attempts to evade the statutory mandate that he return the stolen homes to their lawful owners. During this time, Defendant continues to collect rent on the stolen homes.

<u>History and Characteristics of the Defendant</u>

The majority of the letters written in support of Defendant detail what should be expected conduct, that is parenting his children and assisting his family members in their times of need. But, they are not so extraordinary as to warrant overriding the other aspects of Defendant's history and characteristics. Those aspects include, but are not limited to Defendant's complete lack of self-awareness of his role in the charged fraudulent scheme and his repeated false statements to this Court and investigators.

While Defendant's business associates reference his professionalism, their letters reveal the limits of their interaction. A more complete picture of Defendant can be seen through the trial

testimony of his two neighbors. That was a picture of someone who would take shortcuts if it was to his financial advantage. When Defendant's witnesses were given the same spiel from "T.J." as the Defendant, they both walked away from it even though they lacked the same type of real estate background as Defendant.

Nor can Defendant's associates' impression that Defendant is a good businessman be reconciled with the financial picture that emerges from his inconsistent statements about his income and his failure to file tax returns for himself or either of his businesses. PSR ¶¶ 66-68. Nor has the Government been able to locate any financial records revealing how he was able to pay "T.J." for the properties or to finance renovations for the properties.

Thus, a review of the totality of Defendant's history and characteristics support the imposition of a guideline sentence rather than the variance sought by Defendant.

Provide Just Punishment

The Government also submits that a with-in the guidelines sentence would provide just punishment for the Defendant and adequately deter others who are inclined to engage in quit claim deed fraud. As noted by the three property owners and the notary, the fraud Defendant engaged in had significant consequences. Yet, Defendant believes a sentence of probation is adequate even though he engaged in the charged fraudulent conduct, went to trial, testified falsely at trial and during post-trial hearings, continued to ignore his role in defrauding others, and fought to keep property he stole from others. The Government disagrees vehemently with this position, and requests the imposition of a sentence between 41 and 51 months incarceration.

Likelihood of Recidivism

Defendant's age and lack of criminal history alone cannot determine whether he is likely to reoffend. His conduct while on pretrial release and his failure to accept any responsibility in the

fraudulent scheme provide a better indicator that he will not comply with the standards of conduct. In particular, the Government notes that while Defendant was successfully discharged from treatment in July 2020 and the random drug testing program in September of 2020, until May 31, 2020, he ignored all instructions regarding his use of marijuana and to report for random drug testing. PSR ¶ 4. And as recently as September 9, 2021, Defendant contacted and interviewed a witness even though he had been instructed not to do so by the magistrate judge, his Pretrial Services Officer, and the Postal Inspector. PSR ¶ 4.

Based upon the actions underlying the convictions and his conduct while on pretrial release, it seems apparent that Defendant will do whatever he wants to do if it is to his benefit. A term of imprisonment within the guideline range is necessary to impress upon Defendant that he cannot continue conducting himself as if he and his family are the only people that matter.

Conclusion

For the aforementioned reasons, the United States respectfully requests that this Honorable Court deny Defendant's objections to the presentence investigation report and impose a sentence within the applicable guideline range of 41 to 51 months incarceration.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

s/ Tracy L. Berry
TRACY LYNN BERRY, #014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

4

## CERTIFICATE OF SERVICE

I, TRACY L. BERRY, Assistant United States Attorney for the Eastern District of Missouri, hereby certify that this pleading has been provided through the Court's electronic case filing system to counsel of record the 21st day of December 2021.

s/ Tracy L. Berry
TRACY L. BERRY
Assistant United States Attorney
