UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 4:19CR628 HEA |
| ) | |
| ) | |
| ARONDO HARRIS, ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for New Trial [Doc. No. 92]. For the reasons set forth below, the Motion will be denied.

**Facts and Background**

On May 26, 2021, after a three-day trial, a jury found Defendant guilty of identity theft as to Count 1 and that Defendant used the means of identification in connection with: Forgery, in violation of Missouri Revised Statutes Section 570.090; Guilty of identity theft as to Count 2 and that defendant used the means of identification in connection with: Forgery, in violation of Missouri Statues Section 570.090; Guilty as to Count 3 and that defendant used the means of identification in connection with: Forgery, in violation of Missouri Statues Section 570.090; Guilty as to Count 4 and that defendant used the means of identification

in connection with: Forgery, in violation of Missouri Statues Section 570.090; Guilty as to Count 5 and that defendant used the means of identification in connection with: Forgery, in violation of Missouri Statues Section 570.090; and Guilty as to Count 6 and that defendant used the means of identification in connection with: Forgery, in violation of Missouri Statues Section 570.090.

Defendant moves for a new trial arguing that the evidence was insufficient to support the verdicts. Defendant also moves for a new trial based on ineffective assistance of counsel. The Government opposes the Motion, arguing that neither of Defendant's claims entitle him to a new trial.

## Discussion

A motion for a new trial is governed by Rule 33 of the Federal Rules of Criminal Procedure. The rule authorizes a court to "vacate any judgment and grant a new trial if the interest of justice so requires." This standard requires the district court to "balance the alleged errors against the record as a whole and evaluate the fairness of the trial." *United States v. Eagle*, 137 F.3d 1011, 1014 (8th Cir. 1998) (quoting *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir. 1988)).

**Sufficiency of the Evidence**

Defendant first argues the Court erred in not granting his motion for acquittal at the close of the government's case and at the close of all of the evidence. Defendant asserts the government offered no evidence that his actions

2

had any nexus to the Commerce Clause to sustain a conviction under 18 U.S.C. § 1028(a)(7).

> The Commerce Clause authorizes Congress to regulate: (i) "the channels of interstate commerce," (ii) "the instrumentalities of interstate commerce," or (iii) "activities that substantially affect interstate commerce." *Gonzales v. Raich*, 545 U.S. 1, 16-17, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005). Congress may "regulate purely local activities that are part of an economic class of activities that have a substantial effect on interstate commerce." If a federal criminal statute prohibits a class of activities that "bears a substantial relation to commerce, the *de minimis* character of individual instances arising under that statute is of no consequence." *Id*. at 17, 125 S.Ct. 2195 (quotation omitted); see *United States v. Lopez*, 514 U.S. 549, 560, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995); *United States v. Mann*, 701 F.3d 274, 294-295 (8th Cir. 2012), cert. denied, 571 U.S. 973, 134 S.Ct. 470, 187 L.Ed.2d 316 (2013).

*United States v. Koech*, 992 F.3d 686, 691 (8th Cir.), cert. denied, 142 S. Ct. 371 (2021).

"Acts and transactions which are economic in nature and affect the flow of money in the stream of commerce to any degree, however minimal, 'affect' interstate commerce." *Id*., at 691–92. The government adduced testimony from Brenda Johnson, Kelly Ley, Larry Jackson, Sherice White. These witnesses provided the basis upon which the jury could reasonably conclude that Defendant's actions affected interstate commerce. Likewise, the jury could reasonably conclude, through consideration of Defendant's conduct in acquiring deeds through forgery, that this conduct had an effect on interstate commerce. Defendant's basis for a new trial in this regard is denied.

3

**Ineffective Assistance of Counsel**

Defendant also claims that his trial counsel provided ineffective assistance by failing to seek a continuation of trial to locate T.J. Carruthers in order to call him as a witness at trial.

> "The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.2d 674 (1984), provides the framework for evaluating [Defendant's] ineffective-assistance-of-counsel claim." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). [Defendant] "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id*.
>
> "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a 'high bar' for unreasonable assistance." *Love*, 949 F.3d at 410 (quoting *Buck v. Davis*, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).
>
> "Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States of Am.*, 966 F.3d 764, 770-71 (8th Cir. 2020).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires

a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment". *Id.* Review of counsel's performance by the court is highly deferential, "and the Court presumes counsel's conduct falls within the wide range of reasonable professional assistance". *Id.* The court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that Defendant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury". *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

5

Trial counsel testified that he tried to locate Mr. Carruthers since he believed Mr. Carruthers would testify that he provided all the paperwork and instructed Defendant to record it. The location of Mr. Carruthers did not pan out. Indeed, when Mr. Carruthers did appear at the hearing on the Motion for New Trial, he identified himself as J.T. Carruthers. Under the *Strickland* standard, counsel's efforts to locate a witness whose name was provided to him incorrectly cannot be said to fall "outside the wide range of reasonable professional assistance." The record establishes that Defendant knew how to contact Mr. Carruthers, but he failed to provide accurate information to his attorney to locate this witness.

Moreover, and perhaps more significantly, Defendant cannot establish he was prejudiced by the failure to locate Mr. Carruthers. When Mr. Carruthers testified at the hearing, he invoked his 5th Amendment right to not incriminate himself regarding the transactions giving rise to Defendant's conviction. Based on this testimony, it is reasonable to conclude that Mr. Carruthers would have invoked his right at trial as he did at the hearing.

Furthermore, even if Mr. Carruthers would have testified that he provided the documentation and instructed Defendant to record it, Defendant has failed to establish that the trial result would have been different. As the government argues, its theory of the case was that Defendant turned a blind eye to the deficiencies in the deeds that he obtained from Mr. Carruthers. The fact that Mr. Carruthers

6

provided the deficient deeds would not absolve Defendant of his beliefs about the deficiencies and his deliberate actions to avoid learning whether the deeds contained fraudulent entries.  Defendant's Motion for New Trial based on ineffective assistance of counsel is denied.

## Conclusion

Based upon the foregoing, and all the files, records, and proceedings herein, the Motion is without merit in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for New Trial [Doc. No. 92] is **DENIED.**

Dated this  6th day of January 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE